Attorney Debt Reset, Inc.
Jeremy G. Winter, SBN 245631
Robert S. Gimblin, SBN 272044
1300 Ethan Way, Ste. 125
Sacramento, CA 95825
Telephone: 916-446-1791
Facsimile: 916-446-1742

Attorneys for Debtors/Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| Ann Marie Campbell,<br><br>            Plaintiff(s),<br><br>v.<br><br><br>G & P Enterprises, LLC dba Allied Trustee Services,<br><br>            Defendant(s). | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

-1-

("FDCPA"), and the California RFDCPA, California Civil Code § 1788-1788.32 (hereinafter "RFDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4. Plaintiff Ann Marie Campbell (hereinafter "Plaintiff") is a natural person who resides in the City of Folsom, County of Sacramento, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Plaintiff is informed and believes, and thereon alleges that Defendant G & P Enterprises, LLC dba Allied Trustee Services (hereinafter "Defendant"), is a limited liability corporation with a principal business address of 990 Reserve Drive, Suite 208 Roseville, CA 95678, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant(s) is/are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is/are "debt collectors" as that term is defined by

15 U.S.C. § 1692a(6).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2 (b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2 (c).

8. This case involves money property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f). These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

9. Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.  All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff, or to their attorneys, which are alleged on personal knowledge.

**FACTUAL ALLEGATIONS**

10. On or about July 1, 2009, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely, home owner's association dues to WOODBRIDGE MAINENANCE ASSOCIATION for real property located at 922 Blue Rapids Drive, Folsom, CA (hereinafter "property), said debt was later assigned/sold/consigned to Defendant G&P Enterprises, LLC dba Allied Trustee Services (hereinafter "Defendant") for collection, in the approximate amount of $997.72. *See attached Exhibit "C" "Itemized Statement as of 1/10/2011".*

11. Defendant originally began its collection activity upon Plaintiff on or before November of 2008. *See Exhibit 'A' Statement dated November 24, 2008.* Plaintiff Ann Marie Campbell (hereinafter "Plaintiff") filed for Chapter 7 bankruptcy in the Eastern District of California on or about June 16, 2009 (CN: **2009-32343**), successfully discharging (September 28, 2009) liability to Defendant of all debts allegedly owing to Defendant which arose prior to Plaintiff's filing date.

12. Homeowner's Association dues continued accruing against Plaintiff post-petition at the purported rate of $84.00 each month, with late charges of $10.00 each month up until the home was eventually sold in foreclosure on or about December 11, 2009. *See Exhibit 'B' Statement dated 12/9/2010.*

13. In Defendant's letter addressed to Plaintiff and dated December 9, 2010 (Exhibit B), Defendant demands payment of $907.58, and

-4-

attaches two separate itemized statements, one purportedly totaling $455.00, another totaling $452.58. *Id.*

14. Defendant's statement also reads across the top in emboldened and underlined capitalized text 'ITEMIZED STATEMENT AS OF 01/10/2011' and notes this date throughout its dunning letter. *Id.*

15. Defendant's dunning letter dated December 9, 2010 charges a number of separate fees for various items, including several which were allegedly performed prior to Plaintiff's filing. In fact, several fees seem to have inexplicably changed values between Defendant's 2008 Statement (Exhibit 'A') and Defendant's December 9, 2010 Statement (Exhibit 'B') including the following: Certified – NODA (from $9 to $6.04); Recording of Notice of Delinquent Assessment (from $19 to $14).

16. Plaintiff's attorney phoned Defendant's office to inquire as to the current balance on or about January 2, 2011, to which an agent of Defendant named 'Pam Barry,' a small claims representative represented that the current balance due and owing was $1003.76. *See Declaration of Robert S. Gimblin.*

17. On or about January 5, 2011 Defendant's in-house attorney, Albert Garcia, phoned Plaintiff's counsel and sent a new itemized statement with a balance due and owing of $997.72. Exhibit 'C'. In the January 5, 2011 statement certain fee amounts again adjusted including a 'pre-small claims' fee that went from $9 to $6.18 evidencing inconsistency with Defendant's billing practices. *See Declaration of Robert S. Gimblin.*

18. The above-described fluctuating billing practice utilized by Defendant equates to a false representation of the amount and character of debt owed or allegedly owed to Defendant by Plaintiff, and is a violation of 15 U.S.C. § 1692e(2)(A).

19. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

20. Defendant's letter dated December 9, 2010 (exhibit 'B') also demands payment and threatens a lawsuit in small claims court and reads in pertinent part as follows: "If payment is not received by 4:30 p.m. on 1-10-2011, Allied has been authorized to sue you in Small Claims Court, and you will be responsible for additional charges and costs."

21. Debt Collectors are prohibited from suing consumers in small claims court pursuant to California Code of Civil Procedure 116.420(a), which includes those parties "authorized to sue."

22. The language used by Defendant gives the impression, if not makes the assertion that Plaintiff could be sued by Defendant in small claims court based on an alleged injury to Woodbridge Maintenance Association, which is prohibited by Cal. Code of Civ. Pro. § 116.420(a).

23. The above described acts of the Defendant are improper and illegal threats of suit in small claims Court. Further, Defendant's unambiguous assertion that Defendant would be liable for additional costs in such a suit equate to violations of the

-6-

FDCPA including but not limited to subsections 15 U.S.C. § 1692e(3);(5).

24. Because Defendant's acts violate certain provisions of 15 U.S.C. §1692, et seq they also amount to violations of Cal. Civ. Code § 1788.17, et seq.

25. Additionally, Defendant's dunning letter gives the false impression that Plaintiff would be sued by an attorney and is a violation of 15 U.S.C. § 1692(e), and § 1692 (f), et seq.

26. Additionally, Defendant's dunning letter has the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, and thus a violation of 15 U.S.C. § 1692(d), et seq.

27. Because these acts violate certain provision of 15 U.S.C. §1692, et seq, they are also a violation of Cal. Civ. Code §1788.17, et seq.

28. Additionally any security agreement that existed between Plaintiff and Woodbridge Maintenance Association was terminated upon Debtor's receipt of bankruptcy discharge pursuant to 11 U.S.C. §365, et seq, as Debtor elected to surrender the property, thereby rejecting any security contract existing prior to bankruptcy filing secured by the property. Further, any clause in said agreement providing for attorney's fees in a collection action against Plaintiff would also be void.

29. Additionally, Plaintiff was not liable for homeowner's association dues after she filed for bankruptcy as the property became property of the bankruptcy estate as of the bankruptcy

filing date pursuant to 11 U.S.C. § 541, et seq, thereby making the estate liable for the accruing homeowner's association dues until either the appointed trustee procured an order from the Court abandoning ownership of the property back to the Plaintiff (Debtor) or until the Estate ceased to exist thereby effectuating an administrative abandonment. In this case, no such motion to abandon was made by the trustee nor order abandoning issued by the Court, thus the property remained property of the bankruptcy estate until the case was terminated on October 2, 2009. See Exhibit 'D' Docket Report.

## **CAUSES OF ACTION**

### **COUNT I**

### **Violations of the Fair Debt Collection Practices Act**

### **15 U.S.C. §§ 1692 et seq.**

1) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2) The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

3) As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**COUNT II**

**Violations of the Rosenthal Fair Debt Collection Practices Act**

**California Civil Code §§ 1788-1788.32**

4) Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5) The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

6) As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in an amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages of *not less than $2,000.00*, exclusive of fees and costs, as follows:

**COUNT I**

**Violations of the Fair Debt Collection Practices Act**

**15 U.S.C. §§ 1692 et seq.**

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1).
- An award of statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
- An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

1. Such other and further relief as may be deemed just and proper.

## COUNT II

**Violations of the Rosenthal Fair Debt Collection Practices Act**

**California Civil Code §§ 1788-1788.32**

- An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a).
- An award of statutory damages pursuant up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c).
- Such other and further relief as may be deemed just and proper.

## TRIAL BY JURY

- Pursuant to the seventh amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date:   February 3, 2011           /s/ Jeremy G. Winter  
                                   Jeremy G. Winter, Esq.  
                                   Attorney Debt Reset, Inc.  
                                   Attorneys for Plaintiff


                                   /s/ Robert S. Gimblin  
                                   Robert S. Gimblin, Esq.  
                                   Attorney Debt Reset, Inc.  
                                   Attorneys for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA        )
                           )
COUNTY OF SACRAMENTO       )
                           )

Plaintiff, Ann Marie Campbell, under penalty of perjury declare as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


/s/ Ann Marie Campbell___          _1/31/2011_____

  Ann Marie Campbell                 Date